UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------X
Richard A. Fuentes,

                Plaintiff,              Civil Action No.: 13-405

    against

Audubon Financial Bureau, LLC,        **VERIFIED COMPLAINT AND**
and Adam D. March, individually         **DEMAND FOR TRIAL BY JURY**

                Defendant.
-------------------------------------------------X

## NATURE OF ACTION

This is an action seeking damages and declaratory relief brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*., and 28 U.S.C. §2201.

2. If applicable, this Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

4. Plaintiff Richard Fuentes is a natural person who at all relevant times resided in the State of Texas, County of Tarrant, at 2101 Rainbow Drive, Condo 4310, Arlington, Texas 76011.

1

5.    At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

6.    Upon information and belief, Defendant Audubon Financial Bureau, LLC ("Audubon") is a Delaware limited liability company and authorized to conduct business in the State of Texas, with its principal place of business located at 200 John James Audubon Parkway, Suite 301, Amherst, New York 14228.

7.    Upon further information and belief, Audubon at all relevant times was engaged, by use of mails and telephone, in the business of collecting and attempting to collect a "debt" as defined by 15 U.S.C. §1692a(5).

8.    Upon information and belief, Defendant Adam D. March, is a member-manager and/or shareholder of Audubon, and upon information and belief oversees its day-to-day operations. *See Nicholas Jamele v. Audubon Financial Bureau, LLC, and Adam D. March,* 12-cv-60957; *See generally, Fox v. Citicorp Credit Services, Inc.* 15 F.3d 1507 (9th Cir. 1994); *Kistner v. Law Offices if Michael P. Margelefsky, LLC.* 518 F.3d 433, 440-41 (6th Cir. 2008).

9.    Defendant March is a natural person, and a citizen of the State of New York, residing at 66 Golden Pheasant Drive, Getzville, New York, 14068.

10.   Defendant March regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

11.   Upon information and belief, as an owner of Audubon, March regularly engaged, directly and indirectly, in the collection of Plaintiff's debt.

12.   Upon information and belief, as an owner of Audubon, March materially participated in Audubon's collection activities.

2

13. Upon information and belief, as a member-manager and/or shareholder of Audubon, March oversaw Audubon's day-to-day operations.

14. Upon further information and belief, as an owner of Audubon, March exercised control over the affairs of Audubon's debt collection business.

15. Upon further information and belief, March created and/or approved the script used by Audubon's debt collector representatives and employees when leaving messages for consumers

16. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collectors" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

17. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. Plaintiff received a payday loan from the "Cash Store" on or about January 1, 2012, in the amount of $430. The loan account reference number was xxx-23654xx.

19. Upon information and belief, on or about February 27, 2013, Defendants began collection activities on the alleged consumer debt from Plaintiff for the payday loan ("Alleged Debt").

20. On or about February 27, 2013, Defendants contacted Plaintiff repeatedly on his cell phone regarding the Alleged Debt, sometimes calling three times a day, several days in a row.

21. Upon information and belief, Defendants' employees did not disclose their identity in their phone calls to Plaintiff.

22. Upon information and belief, Defendants stated that they were calling from AFB, which is a name other than the true name of the debt collector's business.

23. Upon further information and belief, Defendants demanded full payment from Plaintiff and threatened Plaintiff that if he did not pay the Alleged Debt, then Defendant would have him served legal documents by the Tarrant County Constable at Plaintiff's home.

24. After the initial oral communication between Defendants and Plaintiff regarding the Alleged Debt, Defendants failed to send Plaintiff a 30-day validation notice within 5 days of the initial communication.

25. As a direct result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I
### (Violations of 15 U.S.C §1692d(5))

26. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692d(5), in that Defendants caused the phone to ring repeatedly when it called plaintiff as many as three times a day, several days in a row.

28. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

WHEREFORE, Plaintiff Richard A. Fuentes demands judgment from Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

A. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

B. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

C. For a declaration that the Defendants' practices violated the FDCPA; and,

D.  For any such other relief, as well as further costs, expenses, and disbursements of this action, as this Court may deem just and proper.

## COUNT II
**(Violations of 15 U.S.C §1692d(6))**

29. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendants violated 15 U.S.C. §1692d(6), in that Defendants placed numerous telephone calls without disclosing his or her identity.

31. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

WHEREFORE, Plaintiff Richard A. Fuentes demands judgment from Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

A.  For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

B.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

C.  For a declaration that the Defendants' practices violated the FDCPA; and,

D.  For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT III
**(Violations of 15 U.S.C §1692e(5))**

32. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendants violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot legally be taken or that was not intended to be taken as Defendants did not own the debt and therefore could not have Plaintiff served legal documents by the Tarrant County Constable, nor have they done so indicating that they had no intention to do so.

34. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged, and is therefore entitled to damages in accordance with the FDCPA.

WHEREFORE, Plaintiff Richard A. Fuentes demands judgment from Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

A. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

B. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

C. For a declaration that the Defendants' practices violated the FDCPA; and,

D. For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### COUNT IV
### (Violations of 15 U.S.C §1692e(14))

35. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(14), in that Defendants disclosed a name other than the true name of the debt collectors' business when the phone operator sais they were calling from AFB.

37. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

WHEREFORE, Plaintiff Richard A. Fuentes demands judgment from Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

    A.    For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

    B.    For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

    C.    For a declaration that the Defendants' practices violated the FDCPA; and,

    D.    For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT V
### (Violations of 15 U.S.C §1692g)

38.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39.    Defendants violated 15 U.S.C. §1692g, in that Defendants failed to send Plaintiff a 30-day validation notice within five days of the initial communication as required by the FDCPA.

40.    As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

WHEREFORE, Plaintiff Richard A. Fuentes demands judgment from the Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

    A.    For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

    B.    For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

    C.    For a declaration that the Defendants' practices violated the FDCPA; and,

    D.    For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

41. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

   WHEREFORE, Plaintiff Richard A. Fuentes demands judgment from Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

   A. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A);

   B. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

   C. For a declaration that the Defendants' practices violated the FDCPA; and,

   D. For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


Dated:  New York, New York
          April 23, 2013

                                              Respectfully submitted,

                                  By:   s/Jacob J. Scheiner
                                            Jacob J. Scheiner, Esq.
                                            Fredrick Schulman & Associates
                                            30 East 29TH Street
                                            New York, New York 10016
                                            (212) 796-6053
                                            jscheiner@fschulmanlaw.com
                                            Attorneys for Plaintiff