UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD FUENTES,

                              Plaintiff,

               -vs-                                                13-CV-405JTC

AUDUBON FINANCIAL BUREAU, LLC,
ADAM D. MARCH,

                              Defendants.

## INTRODUCTION

On April 23, 2013, plaintiff, Richard Fuentes, filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Defendants, Audubon Financial Bureau, LLC and Adam D. March, failed to appear and defend this action, which resulted in the Clerk of the Court's entering of default on July 8, 2013. Item 8.  Presently before the court is plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Item 9.  For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1. Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed.R.Civ.P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to

the amount of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed.R.Civ.P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

## 2. Liability

As set forth in the complaint, the facts are straightforward. In January 2012, plaintiff received a loan from the "Cash Store" in the amount of $430. Defendants began collection activities on the loan in February 2013. At that time, the defendants contacted plaintiff repeatedly on his cell phone, sometimes up to three times per day, and several days in a row. Defendants' employees did not disclose their identities to plaintiff and said they were calling from "AFB," which is a name other than the true name of the debt collection business. Defendants threatened legal action against the plaintiff if he did not make payment in full and failed to send plaintiff a written 30-day validation notice within five days of the initial communication, as required by the FDCPA. Item 1, ¶¶ 18-24.

Plaintiff claims a wide range of violations under numerous provisions of the FDCPA, including sections 1692d(5) and (6), 1692e(5) and (14), and 1692g. These provisions of Title 15 prohibit various acts, including repeated telephone calls with the intent to annoy or harass, failure to disclose the identity of a debt collector or to use any business name other than the true name of the debt collection business, and threatening any action that cannot legally be taken or is not intended to be taken. Additionally, the FDCPA requires that a debt collector send a written validation notice within five days of the initial communication. *See* 15 U.S.C. § 1692g.  As plaintiff has sufficiently alleged defendants' violations of the FDCPA, liability under the FDCPA is established.

### 3.  Damages

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir.1998).  Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional. See 15 U.S.C. § 1692k(b)(1).  Awards of the $1,000 statutory maximum are typically granted in cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. April 3, 2012).

By virtue of the entry of default, defendants are deemed to have admitted the well-pleaded allegations of the complaint, including repeated telephone calls, failure to adequately identify the debt collector, and failure to provide a timely validation notice. Under the circumstances, the court finds these violations of the FDCPA not particularly egregious or intimidating and awards plaintiff a total of $500 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.,* 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions, LLC,* 2012 WL 400789, *3 (W.D.N.Y. February 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

4. **Attorneys' Fees and Costs**

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. *See* 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007).  There is a presumption in favor of the hourly rates employed in the district in which the case is litigated.  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's attorney has affirmed that he expended 10.9 hours of time on the case, while a paralegal spent 2.8 hours.  Plaintiff's attorney charges an hourly rate of $225 and the paralegal charges $90 per hour.  While plaintiff's attorney has described himself as experienced in FDCPA litigation, he has been admitted to practice in New York for less than five years.[1]  The court finds the number of hours expended on the case to be reasonable, but the requested hourly rates excessive when compared to the prevailing market rates in this district for FDCPA cases.  *See Halecki v. Empire Portfolios, Inc.,* ___ F. Supp. 2d ___, 2013 WL 3442678 (W.D.N.Y. July 09, 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff); *Fajer v. Kaufman, Burns & Associates,* 2011 WL 334311, *3 (awarding hourly rate of $215 for experienced attorney, $175 for newer attorney, and $75 for paralegal staff). Accordingly, the court determines that plaintiff's attorney's hourly rate should be reduced to $175 and the paralegal rate should be reduced to $75 per hour.

---

[1]  Information regarding the admission date of plaintiff's attorney, Jacob J. Scheiner, was found in *Hirsch v. ANI Mgmt. Grp., Inc.,* 2013 WL 3093977, *4 n. 1 (E.D.N.Y. June 18, 2013).

Accordingly, the court awards attorney's fees in the amount of $2,117.50 - 10.9 hours at $175 per hour ($1907.50) and 2.8 hours at $75 per hour ($210). The court has reviewed the plaintiff's request for costs and finds the $673.78 request for filing, service of process, postage, and photocopying to be reasonable.

## CONCLUSION

Accordingly, plaintiff's Motion for Default Judgment (Item 9) is GRANTED. Plaintiff is awarded $500.00 for defendant's violations of the FDCPA, $2,117.50 in attorney's fees, and $673.78 in costs. The Clerk of the Court is directed to close this case.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: August 29   , 2013
p:\pending\2013\13-405.aug26.2013